

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

October 4, 2016

By ECF and Email
Honorable Paul A. Crotty
United States District Judge
Southern District of New York
Email: CrottyNYSDChambers@nysd.uscourts.gov

        Re:    <u>United States v. Efrain Antonio Campo Flores, *et ano.*</u>,
                  S5 15 Cr. 765 (PAC)

Dear Judge Crotty:

        The Government respectfully requests that the Court schedule a conference in this matter in order to arraign the defendants on Superseding Indictment S5 15 Cr. 765 (PAC) (the "Superseding Indictment"), and to conduct a supplemental *Curcio* proceeding in light of media reporting last week relating to the payment of the defendants' legal fees.

        The Superseding Indictment was filed today. The only substantive changes from the prior Indictment are that: (i) the timeframe of the charged conspiracy is expanded by two months, by alleging a starting date in or about August 2015; and (ii) the Superseding Indictment does not allege overt acts, *see e.g.*, *United States* v. *Ogando*, 547 F.3d 102, 107 (2d Cir. 2008) ("[T]he Government is not required to prove the commission of any overt acts in furtherance of the conspiracy."). (*See* Ex. A (Superseding Indictment)).

        With respect to the request for further *Curcio* proceedings, on September 29, 2016, the *Wall Street Journal* ("*WSJ*") reported that the individual paying the defendants' legal fees is a Venezuelan national named Wilmer Ruperti. (*See* Ex. B). Citing an interview of Ruperti, the *WSJ* reported that Ruperti "said . . . that he is paying the legal bills of [the defendants]," and attributed the following additional statements to Ruperti:

- "'This perturbs the tranquility of the presidential family. You need the president to be calm . . . . I am helping to preserve the constitutional government.'"

Hon. Paul A. Crotty  Page 2
October 4, 2016

- Drug-trafficking charges in the United States against the defendants and other Venezuelan officials are part of "'a giant conspiracy to help the opposition [party in Venezuela] . . . . There's an attempt to label Venezuela as a narco-state.'"

Both the *WSJ* and other sources[1] also reported that, on or about September 23, 2016, Petróleos de Venezuela S.A., a Venezuelan state-owned oil and natural gas company, awarded a $138 million contract to a company controlled by Ruperti.

At the *Curcio* hearing on May 12, 2016, the Court advised the defendants, for example, that it was "possible that whoever is paying [their legal fees] may have interests different than the defendants' interests . . . ." (5/12/16 Tr. 9). The Government respectfully submits that Ruperti's reported statements regarding his objective of helping to "preserve" the Venezuelan government, coupled with reports of a significant financial benefit recently conveyed to him by the Venezuelan government, if accurate, materially enhance the nature of the potential conflict discussed at the May 12 *Curcio* proceeding, making the potential conflicts more than theoretically "possible." For example, Ruperti's reported statements suggest, among other things, that he may prioritize the wellbeing of the Venezuelan government over the individual interests of the defendants, and that his financial support of the defendants is either politically motivated, financially motivated, or both. Moreover, to the extent defense counsel was previously unaware of Ruperti's reported interests and objectives, public reporting of Ruperti's interview suggests that he may try to influence defense strategy, such as whether to proceed to trial, whether to testify publicly, and whether to seek leniency by attempting to cooperate. Accordingly, in view of the recent media reports, the Government respectfully requests that the Court conduct a supplemental *Curcio* hearing with each defendant regarding these issues in order to give them another

---

[1] Reuters, *Venezuela PDVSA awards $138 million contract to tackle petcoke problem* (Sept. 23, 2016), http://www.reuters.com/article/us-venezuela-pdvsa-petcoke-idUSKCN11T21U (attached as Ex. C).

Hon. Paul A. Crotty Page 3
October 4, 2016

opportunity to consult *Curcio* counsel and ensure that any further waivers of the right to conflict-free counsel are knowing, intelligent, and voluntary. Enclosed as Exhibit D are proposed questions for these inquiries.

                                                    Respectfully submitted,

                                                    PREET BHARARA
                                                    United States Attorney

By: _____
      Emil J. Bove III
      Brendan F. Quigley
      Assistant United States Attorneys
      (212) 637-2444

Enclosures

Cc:    Defense Counsel
        (Via Email)