```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                                :
UNITED STATES OF AMERICA,                                       :
                                                                :
            - v. -                                              :  S2 15 Cr. 765 (PAC)
                                                                :
EFRAIN ANTONIO CAMPO FLORES and                                 :
FRANQUI FRANCISCO FLORES DE FREITAS,                            :
                                                                :
            Defendants.                                         :
                                                                :
---------------------------------------------------------------X
```

## DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE AND/OR ARGUMENT REGARDING DEFENDANTS' FINANCIAL STATUS OR LIFESTYLE

Pursuant to Federal Rules of Evidence 401–404, Defendants Efrain Antonio Campo Flores and Franqui Francisco Flores de Freitas (the "Defendants") respectfully move this Court to exclude evidence and argument intended to improperly demonstrate that the Defendants have wealth or a lifestyle supported through an illegitimate income. The Defendants expect that the Government will offer into evidence images and related proof—derived almost exclusively from the cellular phones in the Defendants' possession at the time of their arrest—that depict the Defendants in the proximity of various vehicles and properties. The Defendants further expect the Government to argue that this evidence demonstrates that the Defendants supported a lifestyle beyond their legitimate income and, therefore, that the Defendants must have been supporting themselves through illegitimate means.

Any such evidence and argument would constitute a clear violation of Rules 401, 402, 403, and 404 because the Government has no ability to lay a proper foundation for their admission. Specifically, the Government cannot lay any foundation demonstrating that: (a) the Defendants owned any of these items; (b) these items were not a gift or inheritance but were purchased by the Defendants; (c) the Defendants did not have multiple sources of legitimate

1

income; and (d) the Defendants must have been trafficking narcotics in order to purchase one or more of these items. Because the Government cannot lay a foundation for any, let alone all, of these necessary predicates, this evidence and argument must be excluded as irrelevant and unfairly prejudicial.

**ARGUMENT**

**I.      This Court Has Discretion to Exclude Irrelevant and Unfairly Prejudicial Evidence in Advance of Trial**

This Court has "discretion in deciding whether a pretrial ruling on evidence may be made in advance of trial." *United States v. Valencia*, 826 F.2d 169, 172 (2d Cir. 1987). This discretion, of course, includes the Court's authority to exclude irrelevant and unfairly prejudicial arguments or references at trial. *See, e.g., In re WorldCom, Inc. Sec. Litig.,* No. 02 Civ. 3288-DLC, 2005 WL 578109, at *4 (S.D.N.Y. Mar. 4, 2005).

Relevant evidence is that which has "(a) any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Evidence of prior bad acts is admissible under Rule 404(b) only if the Government can satisfy two requirements. *First*, the prior bad act must be offered for a proper purpose. Fed. R. Evid. 404(b). *Second*, the Government must present enough evidence of this prior bad act that a jury "could reasonably find by a preponderance of the evidence that the act occurred and that the defendant committed the act." *United States v. Ramirez*, 894 F.2d 565, 569 (2d Cir. 1990). "In the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude

that the act occurred and that the defendant was the actor." *Huddleston v. United States*, 485 U.S. 681, 689 (1988).

## II. Evidence of Supposed Unexplained Wealth from the Time Period of the Alleged Conspiracy Is Inadmissible

### A. Evidence of Unexplained Wealth Must Be Excluded Because the Government Lacks Any Foundation Linking the Alleged Wealth to Illegitimate Income

Evidence of unexplained wealth is inadmissible because the Government cannot lay a foundation that the Defendants lived beyond their legitimate means. "Evidence of unexplained wealth is relevant in a narcotics conspiracy case if it creates a reasonable inference that the unexplained wealth came from the narcotics conspiracy." *United States v. Patterson*, 819 F.2d 1495, 1501 (9th Cir. 1987). Where a defendant has *no* source of legitimate income, this inference is reasonable if the acquisition of "sudden unexplained wealth" occurs "after the commission of an offense." *United States v. Quintero*, 117 F.3d 1421, at *4 (6th Cir. 1997) ("In light of the fact that Young was jobless, the source of his unexplained wealth bore directly on whether he was trafficking in drugs.").

"The prosecution may present the wealth evidence as long as *other evidence, mainly that the wealth was not derived from legitimate sources,* is presented to support the charge of narcotics distribution. This evidence must relate to wealth acquired during the period in which the narcotics trafficking occurred." *United States v. Miranda*, No. 94 CR 714, 1997 WL 627655, at *6 (N.D. Ill. Sept. 22, 1997) (emphasis added). Courts admit evidence of unexplained wealth only when the Government can negate all other possible sources of income *and* the ownership of the property is clear because, for example, it was seized from the defendant or the defendant holds title to the property. *See, e.g., United States v. Grandison*, 783 F.2d 1152, 1156 (4th Cir. 1986) (explaining that defendant's possession of "large sums of cash" was relevant because

defendant "was unemployed and only recently paroled"); *see also United States v. 998 Cotton Street, Forsyth County*, No. 11-cv-356, 2013 WL 1192821, at *14 (M.D.N.C. Mar. 22, 2013) (finding property title in defendant's name purchased when defendant had "no record of legitimate income or federal tax returns" admissible evidence of unexplained wealth).

The Government cannot demonstrate ownership of the property, automobiles, aircraft, and other supposed indicia of wealth that it is expected to proffer. Even if the Government could demonstrate such ownership, the Government cannot demonstrate that the Defendants paid for any of these items as opposed to simply receiving them as gifts. Nor can the Government negate, as it is required to do, all potential sources of legitimate income that could have supported the purported purchase of these items. Lastly, as described in more detail below, the Government cannot show that the Defendants obtained *any* profit whatsoever from their participation in the alleged conspiracy. Because the Government cannot create a "reasonable inference" that the Defendants supported a lavish lifestyle through illegitimate means, this type of evidence and argument must be excluded. *Patterson*, 819 F.2d at 1501.

The burden of establishing a reasonable inference is considerable. Courts have excluded evidence demonstrating a much stronger link between lifestyle and illegal activity. In *United States v. Tunkara,* for example, the court excluded from evidence law enforcement's seizure of over $200,000 in cash that was both in the defendant's possession and located by a drug detection dog. 385 F. Supp. 2d 1119, 1124 (D. Kan. 2005). The court held that the link between the charged activity and any prior illegal activity was attenuated and unsubstantiated:

> The probative value of the seized money here depends on the inferences to be drawn from the amount of the cash, the location and timing of the seizure, and the dog alert. The lack of other circumstantial evidence severely undermines the inferences of criminal activity to be drawn from this seizure. Specifically, the government has not articulated evidence that substantially links the cash to any participation by the defendant in prior marijuana trafficking activities or that links

4

any unlawful activities to be inferred from the defendant's possession of the cash to the defendant's knowledge and participation in the marijuana distribution offense charged here.

*Id.* Thus, the court excluded the evidence because "the absence of other circumstantial evidence to sustain an inference that the cash was involved with the trafficking of marijuana so weakens the probative value of this evidence that it is substantially outweighed by the unfair prejudice of this evidence being used as bad character evidence . . . ." *Id.*

In *Tunkara*, the court excluded evidence of the money seized from the defendant because the Government could not link it to the narcotics crimes charged. The link here is even more speculative, as the Government cannot demonstrate that the Defendants owned or purchased the alleged evidence of unexplained wealth, let alone that it was purchased with drug money. Because the Government cannot demonstrate a reasonable inference between the images seized from the Defendants' phones and any illegal activity, evidence and arguments of unexplained wealth must be excluded.

**B. Evidence of Unexplained Wealth Must Also Be Excluded Because the Defendants Never Profited from the Alleged Conspiracy**

Evidence of "unexplained wealth" is most commonly used when the charged offense involves embezzlement or larceny and the defendant is accused of acquiring large sums of money illegally. And even in the case of larceny, the Government must show a "sufficient nexus" between the acquisition of wealth and the commission of the crime. *United States v. Kenny*, 462 F.2d 1205, 1219 (3d Cir. 1972). This nexus is usually satisfied by temporal proximity. *Id.* (explaining that the "sudden unexplained acquisition of wealth" must occur "at or about the time of the offense charged"). When evaluating the admissibility of unexplained wealth evidence, "the Court must determine if the unexplained wealth possessed by" the Defendants "was discovered close enough in time to the charged conduct to constitute the 'fruits'

5

of the charged offenses." *United States v. Jones*, No. 07-CR-0258-05, 2009 WL 1855832, at *3 (E.D. Pa. June 26, 2009).

At the time the Defendants were arrested in Haiti and charged with a narcotics conspiracy, no money had exchanged hands. Thus, any evidence relating to the Defendants' financial status cannot serve as evidence of participation in or "fruits" of the alleged conspiracy. *Id.* Again, this is a narcotics conspiracy "sting" case where the Defendants never produced the supposed 800-kilogram load of cocaine they allegedly conspired to import into the United States, and the DEA never seized any drugs whatsoever. Accordingly, because the Defendants were arrested prior to the consummation of the alleged drug deal and prior to the exchange of *any* drugs or money, the Defendants effectively *could not* have received any profit from their participation in the crime charged. Indeed, the Government has not alleged and cannot allege that the Defendants acquired *any* money or assets from the alleged conspiracy. In fact, the Government admits that the conspiracy concluded prior to the alleged exchange of money and drugs. (Government's Consolidated Opposition to Defendants' Pretrial Motions, Dkt. No. 53 at 20 (explaining that November 10, 2015 meeting with Defendants in Haiti was where "CS-1 was to provide the defendants with millions of dollars")).

Thus, while "it is well-settled law that evidence of unexplained wealth can be relevant to prove illicit gain," such evidence is irrelevant here because the Government has not alleged that the Defendants received *any* "illicit gains" as a result of their participation in the alleged conspiracy. *United States v. Jasper*, No. 00 CR 825 (PKL), 2003 WL 221740, at *3 (S.D.N.Y. Jan. 31, 2003). Nor can the Government demonstrate that any alleged wealth was "close enough in time" to the alleged conspiracy to be considered "fruits of the charged offense." *Jones*, 2009

6

WL 1855832 at *3. For these additional reasons, evidence of unexplained wealth from the time of the conspiracy is irrelevant to the crimes charged, is unduly prejudicial, and must be excluded.

**III. Lifestyle Evidence from the Time Period Before the Alleged Conspiracy Is Also Inadmissible Because It Is Unduly Prejudicial and Speculative**

Similarly, any evidence or argument that the Defendants possessed wealth disproportionate to their incomes *prior* to the alleged conspiracy is inadmissible as it is irrelevant, speculative, and unduly prejudicial. "In isolation, the probative value of unexplained wealth may be dubious." *United States v. Demosthene*, No. 03 CR. 1409 (VM), 2004 WL 1243607, at *8 (S.D.N.Y. June 4, 2004). It is "dubious," of course, because absent a nexus to the recent acquisition of money, unexplained wealth has multiple causal explanations. As the Seventh Circuit has explained:

> evidence of unexplained wealth is admissible in drug cases as long as: (1) the evidence presented creates an inference that the defendant was involved in drug trafficking; (2) *the unexplained wealth was acquired during the period in which the drug crime allegedly occurred*; and (3) the government presents other evidence to support the charge, including evidence that the income was not obtained through legitimate means.

*United States v. Carrera*, 259 F.3d 818, 829 (7th Cir. 2001) (emphasis added).

The failure to exclude evidence and argument concerning unexplained wealth occurring prior to the commencement of the alleged crime is reversible error. In *United States v. Delvecchio*, the Second Circuit reversed the district court's ruling admitting evidence and argument relating to the defendant's record of "expensive dinners" because they occurred "several months" before the alleged conspiracy began. 816 F.2d 859, 863-64 (2d Cir. 1987). Because the expenditures occurred prior to the alleged conspiracy, they "shed no light" on the defendant's "involvement in the conspiracy, and [the] evidence of the lavish dinners should have been excluded as irrelevant and prejudicial." *Id.*

7

Here, the Defendants' lifestyle prior to the alleged conspiracy "sheds no light" whatsoever on their purported participation in the alleged conspiracy. *Id.* This is especially true because, even assuming that the Government could show that the Defendants owned expensive properties and items, the Defendants have multiple sources of legitimate income and no prior drug charges or convictions. In this context, the ability to purchase expensive goods has no relation to the likelihood of participating in a drug conspiracy and must therefore be excluded.

Such evidence and argument is also inadmissible under Rule 404(b). "Under Rule 404(b), other act evidence is only admissible if it is relevant, and it is only relevant 'if the jury can reasonably conclude that the act occurred and that the defendant was the actor.'" *United States v. Ulbricht*, 79 F. Supp. 3d 466, 480 (S.D.N.Y. 2015) (citation omitted); *see also United States v. Trujillo,* 376 F.3d 593, 605 (6th Cir. 2004) (explaining that under a Rule 404(b) analysis "the district court must decide whether there is sufficient evidence that the other act in question actually occurred"); *United States v. Stubbs*, 944 F.2d 828, 836 (11th Cir. 1991) (explaining that under Rule 404(b) "the government must offer sufficient proof so that the jury could find that defendant committed the act"). Because the Government cannot offer "sufficient proof" that the Defendants owned and purchased expensive goods or that the Defendants did not have a legitimate income with which to purchase these items, such evidence is also inadmissible under Rule 404(b).

## CONCLUSION

For all the foregoing reasons, this Court should grant the Defendants' Motion *in Limine* No. 1 to Exclude Evidence and/or Argument Regarding Defendants' Financial Status and Lifestyle.

Dated: October 20, 2016
New York, New York

Respectfully Submitted,

/s/ Randall W. Jackson
_____
Randall W. Jackson
John T. Zach
Joanna C. Wright
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446–2300
Facsimile:     (212) 446–2350

*Attorneys for Defendant Efrain Antonio Campo Flores*

/s/ David M. Rody
_____
David M. Rody
Michael D. Mann
Elizabeth A. Espinosa
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
Telephone:     (212) 839–5300
Facsimile:     (212) 839–5599

*Attorneys for Defendant Franqui Francisco Flores de Freitas*