

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

November 7, 2016

Via ECF & Email
Honorable Paul A. Crotty
United States District Judge
Southern District of New York
Email: CrottyNYSDChambers@nysd.uscourts.gov

      Re:    <u>United States v. Campo Flores, *et ano.*,</u>
            S5 15 Cr. 765 (PAC)

Dear Judge Crotty:

      Based on a review of the transcript from today's proceedings, the Government respectfully requests that the Court re-consider its ruling from earlier today regarding whether defense counsel opened the door to limited testimony regarding the death of Carlos Amilcar Leva Cabrera, a/k/a "Sentado" in early December 2015.

      During his opening statement to the jury, Mr. Mann stated as follows regarding the October 3, 2015 meeting between Leva Cabrera and the defendants:

> Agent Gonzalez directed El Sentado to record that first meeting but, as Mr. Zach said, El Sentado refused, or he refused to hand over the recording, or he destroyed that recording.
>
> . . .
>
> The DEA asked El Sentado for the photos but he simply never handed them over. And remember, this was the kickoff meeting for the entire alleged conspiracy, the critical initial planning session for this supposed crime.
>
> *And here we are at trial, over a year later, and the government doesn't have a clue as to what took place at that meeting. They did not even prepare a report summarizing it.* You will be left with just a single photograph. There is just no useful evidence at all. And this is the story of the whole case.

Hon. Paul A. Crotty                                                                                                          Page 2
Nov. 7, 2016

Tr. 83-84 (emphasis added).[1]

When the Government later argued that defense counsel had opened the door to evidence of Leva Cabrera's death, counsel for defendant Flores stated "the statement that the government has no clue about that meeting is because there was no recording of the meeting. The problem is there is no recording of the meeting." Tr. 88.

As the transcript makes clear, however, that is manifestly not what counsel was referring to at that point in his opening. Instead, defense counsel was referring to the Government's failure over the past year—"[a]nd here we are at trial, over a year later"— to obtain information about the meeting, not Leva Cabrera's failure to contemporaneously record the meeting, a topic defense counsel had already addressed earlier on page 83 of the transcript. Indeed, in the very next sentence after the "over the past year" language, Mr. Mann referred not to the failure to record the meeting, but instead to the fact that the Government "did not even prepare a *report* summarizing it," Tr. 84 (emphasis added), an argument that is part of the defense's challenge to the adequacy of the investigation. Indeed, defense counsel's representation regarding the lack of a report is, in fact, incorrect. *See* 3508-16 (DEA-6 report regarding October 3, 2015 meeting); *see also* 3508-07 at 1-2 (notes of debriefing of Leva Cabrera regarding October 3, 2015 meeting).

Regardless, any effort to get a further "clue" as to what took place at the meeting, such as through additional debriefing of Leva Cabrera, arranging for his surrender or extradition, and having him available at trial, was rendered futile by his death in December 2015.[2] Accordingly, allowing the Government to elicit limited testimony that Leva Cabrera died in early December 2015 would correct the misimpression created by defense counsel that the Government was somehow at fault for not taking action over the

---

[1] Both defense counsel claimed that Leva Cabrera "destroyed" the recording of the meeting. Tr. 36, 83. The Government is unaware of any basis for such a claim, and the defendants presented no evidence of such destruction despite filing a spoliation motion that involved extensive briefing and a two-day evidentiary hearing. *Cf.* Opinion and Order, *United States* v. *Campo Flores, et ano.*, 15 Cr. 765 (PAC) (S.D.N.Y. Oct. 12, 2016), at *6 ("Recordings are not 'missing' because the confidential sources or anyone else destroyed them, but rather because they were never made.").

[2] Indeed, earlier, Mr. Mann had stated, in reference to Leva Cabera and confidential sources Jose Santos Pena and Jose Santos Hernandez that "none of them are in the courtroom today . . . ." Tr. 75. Leva Cabrera's death also explains why he is not testifying as a witness at this trial.

Hon. Paul A. Crotty Page 3
Nov. 7, 2016

past year—"[a]nd here we are at trial, over a year later"—to further investigate the circumstances of the October 3 meeting.

                                          Respectfully submitted,

                                          PREET BHARARA
                                          United States Attorney

By: _____
                                          Emil J. Bove III
                                          Brendan F. Quigley
                                          Assistant United States Attorneys
                                          (212) 637-2444 / 2190

Cc:        Defense Counsel
            (Via Email)

Case 1:15-cr-00765-PAC   Document 109   Filed 11/07/16   Page 3 of 3