

| | SIDLEY AUSTIN LLP<br>787 SEVENTH AVENUE<br>NEW YORK, NY 10019<br>+1 212 839 5300<br>+1 212 839 5599 FAX | BEIJING<br>BOSTON<br>BRUSSELS<br>CENTURY CITY<br>CHICAGO<br>DALLAS<br>GENEVA | HONG KONG<br>HOUSTON<br>LONDON<br>LOS ANGELES<br>MUNICH<br>NEW YORK<br>PALO ALTO | SAN FRANCISCO<br>SHANGHAI<br>SINGAPORE<br>SYDNEY<br>TOKYO<br>WASHINGTON, D.C. |
| --- | --- | --- | --- | --- |
| | drody@sidley.com<br>+1 212 839 5951 | FOUNDED 1866 | | |

November 8, 2016

**By ECF and Electronic Mail**

The Honorable Paul A. Crotty
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:    <u>United States</u> v. <u>Campo Flores & Flores de Freitas</u>, S5 15 Cr. 765 (PAC)

Dear Judge Crotty:

    Defendants Efrain Antonio Campo Flores and Franqui Francisco Flores de Freitas jointly submit this letter in opposition to the Government's letter of November 7, 2016, in which the Government requests that the Court reconsider its ruling that defense counsel did not "open the door" to testimony regarding the death of "El Sentado."

    The Government's request is without merit. Indeed, the Defendants continue to object to the Government's transparent and inappropriate attempt to stretch the Defendants' opening statement in order to inject the death of El Sentado into evidence in this case.

    To begin, it is clear from the material cited by the Government on page 1 of their letter that Mr. Mann, in his opening statement, was referring to the investigative failures by Special Agent Gonzalez in failing properly to debrief El Sentado, which took place well prior to El Sentado's death. (*See* Trial Tr. 83-84). As the evidence adduced at the suppression hearing made clear, SA Gonzalez failed to debrief El Sentado in person and, remarkably, used instant messages to do most of his supposed "debriefing." *See, e.g.*, Suppression Hearing Tr. 148-151. We expect the trial testimony of SA Gonzalez to establish these important failures. This expected testimony is fully consistent with the observations Mr. Mann made in his opening statement.

    Moreover, the statement the Government identifies as supposedly indicating a suggestion that the Government failed on an ongoing basis over the past year (*i.e.*, post-December 2015) to obtain information—a passing reference to the fact that "here we are at trial, over a year later"—cannot possibly bear the interpretative weight the Government seeks to place on it. As he did

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.



Hon. Paul A. Crotty
November 8, 2016
Page 2


elsewhere in his opening statement, Mr. Mann referenced the fact that the key events at issue in the trial occurred a year ago in order to provide important background information and context for the jury.  (*See, e.g.*, Trial Tr. 86:8-9).  What that statement clearly was *not* was a criticism, veiled or otherwise, of the Government's failure to gather information from El Sentado during the period during which he was deceased.

Finally, the Government states that "defense counsel's representation regarding the lack of a report is, in fact, incorrect."  Letter at 2.  The Government is wrong.  The document they reference in their letter, 3508-16, a DEA-6 report, was prepared on November 3, 2015, a *month* after the meeting, and it merely makes passing reference to the fact that it occurred.  It is *far* from a "report summarizing" the meeting and debriefing.[1]

The Government's request that this Court reconsider its ruling should be denied.

Respectfully submitted,


|   /s/ Randall W. Jackson   | /s/ David M. Rody |
|---|---|
| Randall W. Jackson | David M. Rody |
| John T. Zach | Michael D. Mann |
| Joanna Wright | Elizabeth Espinosa |
| Boies, Schiller & Flexner LLP | Sidley Austin LLP |


cc:   AUSA Emil Bove
       AUSA Brendan Quigley

---

[1] The Government's assertion, Letter at 2 n.2, that the statement "[n]one of them are in the courtroom today," in reference to Leva Cabera and confidential sources Jose Santos Pena and Jose Santos Hernandez, should somehow be taken as opening the door regarding Leva Cabera's death is puzzling.  The fact that none of those three individuals are in the courtroom today is simply a matter of fact.  The point is not that any of them necessarily would never be in the courtroom; rather, the point was that they are not sitting at defense counsel's table in this trial.  Mr. Mann's point was that Defendants, not any of those three individuals, admitted criminals, were the ones targeted for prosecution in this case.