

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

November 13, 2016

<u>Via ECF & Email</u>
Honorable Paul A. Crotty
United States District Judge
Southern District of New York
Email: CrottyNYSDChambers@nysd.uscourts.gov

   Re:  <u>**United States v. Campo Flores, *et ano.*,**</u>
       **S5 15 Cr. 765 (PAC)**

Dear Judge Crotty:

   The Government respectfully submits this letter relating to the cross-examination of Jose Santos Pena. The defense has indicated it seeks to offer into evidence the confidential source agreements that Santos Pena signed while working as a DEA source. For the reasons set for below, although the Government has no objection to allowing Santos Pena to be cross-examined on these agreements, it would be improper to allow the agreements to be admitted into evidence.

   Federal Rule of Evidence 608(b) provides that,

   [e]xcept for a criminal conviction under Rule 609, *extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness*. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:

   (1) the witness; or

   (2) another witness whose character the witness being cross-examined has testified about.

Rule 608(b) (emphasis added). "Rule 608(b) distinguishes between the admissibility of extrinsic evidence of specific instances of a witness's conduct and the permissibility of inquiring into such instances on cross-examination. While courts have discretion to permit inquiry into instances of

conduct on cross-examination, they are categorically barred from admitting extrinsic evidence of such instances." *United States* v. *Nelson*, 365 F. Supp. 2d 381, 386 (S.D.N.Y. 2005).

Here, the confidential source agreements are clearly extrinsic evidence. *See* 4-608 Weinstein's Federal Evidence § 608.20 ("Evidence is 'extrinsic' if offered *through documents* or other witnesses, rather than through cross-examination of the witness himself or herself." (emphasis added)).[1] The only plausible basis for offering the agreements is to establish that Santos Pena was not being truthful when he agreed not to perform illegal activities without DEA authorization.[2] Accordingly, the Court should preclude the defense from offering the confidential source agreements.

In contrast, the Government may offer Santos Pena's written cooperation agreement into evidence for rehabilitation purposes. *See, e.g.*, *United States* v. *Cosentino*, 844 F.2d 30, 34-35 (2d Cir. 1988).

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
Emil J. Bove III
Brendan F. Quigley
Assistant United States Attorneys
(212) 637-2444 / 2190

---

[1] Extrinsic evidence also includes video or audio tapes. Thus, for the same reasons stated above, it would also be improper for the defense to seek to play portions of the recordings of Santos Pena's pre-arrest interview with the DEA.

[2] While extrinsic evidence may be admissible to show a witness's bias or motive, there is no basis for saying that the source agreements somehow show bias or motive here. In *United States* v. *McCoy*, 23 F.3d 216 (9th Cir. 1994), the Ninth Circuit affirmed the district court's exclusion, under Rule 608(b), of extrinsic evidence that a DEA source had engaged in unauthorized drug dealing. 23 F.3d at 217. In doing so, the court noted that the excluded testimony was not probative of bias or self-interest because "there is no evidence the government was aware of [the informant's] use and sale of drugs while he was working for the task force, or agreed to overlook these activities in return for [the informant's] s cooperation. The testimony was relevant only to [the informant's] lack of credibility." *Id.* That analysis applies with equal force here.