

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

November 14, 2016

Via ECF & Email
Honorable Paul A. Crotty
United States District Judge
Southern District of New York
Email: CrottyNYSDChambers@nysd.uscourts.gov

Re:    **United States v. Campo Flores, *et ano.*, S5 15 Cr. 765 (PAC)**

Dear Judge Crotty:

The Government respectfully submits this letter in response to the defendants' November 13, 2016 letter regarding the verdict form in this case ("Defs.' Ltr"). The Government submits that the Court's verdict form should include the drug quantity inquiry included in the Government's proposed verdict form.

*First*, there is nothing "illogical" or "improper" about requesting the jury make a quantity finding. Defs.' Ltr. at 1. To the contrary, quantity findings are standard in narcotics cases where, as here, an enhanced penalty provision is charged. *See* Sand, Modern Fed. Jury Instrs., Instr. 56-12 (standard instruction regarding special verdict form); *accord* Exs. A-E (sample charges including an instruction regarding making a quantity finding). If anything, it is the *Umeh* case cited by the defendants that is the outlier.

*Second*, asking the jury to make a quantity finding does not raise any concerns about a constructive amendment of the Indictment. Conspiracies involving 500 grams or more of cocaine or conspiracies involving only a detectable amount of cocaine are lesser-included offenses of the five kilogram or more conspiracy charged in the Indictment. The lesser-included offenses are "within the scope" of the grand jury's indictment, and the Government is entitled to have those offenses presented to the jury. *United States* v. *LoRusso*, 695 F.2d 45, 52 n.3 (2d Cir. 1982) ("Because all elements of a lesser-included offense are by definition comprised within the greater offense, the grand jury in charging the greater has also charged the lesser. The submission, therefore, of the lesser offense is within the scope of the indictment."). And Federal Rule of Criminal Procedure 31(c) provides that a defendant may be convicted of "an offense necessarily included in the offense charged," i.e. a lesser-included offense.[1]

---

[1] *United States* v. *Wozniak*, 126 F.3d 105 (2d Cir. 1997), cited by the defendants, is distinguishable. *Wozniak* involved a situation where a defendant was charged in a cocaine and methamphetamine distribution conspiracy, but the evidence at trial consisted largely of proof about marijuana. 126 F.3d 107-108. *Wozniak* did not involve the issue of quantity findings or

*Finally*, if the defendants truly want a stipulation on drug quantity, there is no reason for the verdict form or the Court's charge to contain any discussion of quantity at all.  To the extent the defendants are willing to consent to such a charge and verdict form, the Government will re-consider its position on stipulating.

> Respectfully submitted,
>
> PREET BHARARA
> United States Attorney
>
> By:_____
> Emil J. Bove III / Brendan F. Quigley
> Assistant United States Attorneys
> (212) 637-2444 / 2190

---

lesser-included offenses, and the Second Circuit was "careful to point out that [its holding was] limited to the specific circumstances in [that] case."  126 F.3d at 109.