D8M3FER1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                    New York, N.Y.

              v.                             S1 13 CR 20 (PAE)

ANGELO FERNANDEZ,

                 Defendant.

------------------------------x

                                             August 22, 2013
                                             9:00 a.m.


Before:

                HON. PAUL A. ENGELMAYER,

                                    District Judge


                      APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
BY:  DAMIAN WILLIAMS
     BROOKE E. CUCINELLA
     HOWARD MASTER
     Assistant United States Attorney

ALAN SEIDLER
     Attorney for Defendant

Also Present:  Detective Thomas Gergley
               Ummi Ansari, Paralegal

                SOUTHERN DISTRICT REPORTERS, P.C.
                      (212) 805-0300

D8mzfer2                        Charge

sufficient if you find the conspiracy was formed and that it existed for some time around the dates that I just mentioned.

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.

In determining the factual issues before you, you may consider against the defendant any act or statements made by any of the people that you find under the standards I've already described to have been his coconspirators, even though such acts or statements were not made in his presence or were made without his knowledge.

Now as to drug quantity.

If, and only if, you find the defendant has proved beyond a reasonable doubt that the defendant.  Sorry, I think I may have made a mistake.

If, and only if, you find that the government has proved beyond a reasonable doubt that the defendant is guilty of participating in a conspiracy that involved crack, then you must determine the amount of crack that the conspiracy involved.

You need not determine the precise quantity.  Instead, if you reach the question of quantity on crack, indicate on the verdict form -- which I will be sending into the jury room with you -- whether the government has established beyond a reasonable doubt that the conspiracy involved either 280 grams

D8mzfer2                         Charge

or more of crack or 28 grams or more of crack.  The verdict form that I will submit to you will have a place where you can answer those questions.

Your finding on quantity must be unanimous in the sense that all of you must agree that the conspiracy involved at least the quantity you indicate.  Thus, for example, if all of you agree that the conspiracy involved 280 grams or more of mixtures and substances containing a detectable amount of crack, you should indicate 280 grams or more of crack.  If, however, some jurors conclude that the conspiracy involved 280 grams or more of crack and the rest of the jurors conclude that it involved between 28 and 280 grams of crack, you may not indicate that the conspiracy involved 280 grams or more.  Under those circumstances, however, you may indicate at least 28 grams of crack because all of you would be in agreement that the conspiracy involved at least 28 grams of crack.  If you conclude that the government has not proved that the conspiracy involved at least 28 grams of crack, then you may indicate that on the verdict form.

In making your determination about the type and quantity of any controlled substance involved in the conspiracy charged in count one, the defendant is responsible for all quantities of narcotics that he personally distributed or possessed with intent to distribute.  In addition, the defendant is also responsible for any quantity of narcotics

D8mzfer2                    Charge

distributed by coconspirators, as long as the quantities were known or reasonably foreseeable to the defendant, and were within the scope of the criminal activity that the defendant jointly undertook.  The purity of the narcotics does not matter.  Any mixture or substance containing a detectable amount of narcotics may be considered by you as you determine the quantity of narcotics involved in the offense.  That concludes my instruction on count one.

I'm going to turn now to count two.

Count two charges the defendant with the crime of using or carrying a firearm during and in relation to the drug conspiracy offense charged in count one, and with possessing a firearm in furtherance of that conspiracy.  Section 924(c)(1)(A) of Title 18 of the United States Code provides that "any person who, during and in relation to any drug trafficking crime, uses or carries a firearm, or who in furtherance of any such crime possesses a firearm, shall be guilty of a crime."

Count two charges that Mr. Fernandez -- and I'm now reading aloud from the indictment, "In or about December 2009, in the Southern District of New York and elsewhere, Angelo Fernandez, A.K.A. Scarface, A.K.A. Patron, the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the offense charged in count one of this indictment, knowingly did