

April 4, 2018

**VIA ECF**

The Honorable Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

      Re:    *United States v. Efrain Antonio Campo Flores and Franqui Francisco Flores de Freitas*, No. 15 Cr. 765 (PAC)

Dear Judge Crotty:

      The Defendants jointly submit this letter respectfully moving to unseal the docket of the witness in the trial in the above-captioned case known as Jose Santos Pena or "CS-1." As the Court is aware, "Jose Santos Pena" is a pseudonym for this individual, which has been used in all testimony and court filings pursuant to a protective order entered by Your Honor. Based on our review of the court's filing system, it appears that no part of the docket for Santos Pena is publicly available – his name does not even appear in the court's ECF system. We respectfully submit that: (1) since the Government has represented that Santos Pena is no longer a cooperating witness; (2) since it has been more than a year since the Government represented that it was ripping up his cooperation agreement; (3) since Santos Pena is detained; and (4) since Santos Pena, by the Government's admission, engaged in perjury, repeated false statements to the Government, and other improper activity while working as a DEA employee, informant, and cooperating witness, there can be no justification at this point for maintaining a secret docket for Santos Pena and shielding filings in his case from public scrutiny. If the Court is not inclined to unseal Santos Pena's docket, we respectfully request that the Court order the Government to immediately share with the Defendants in the above-captioned case any filings related to Santos Pena's sentencing, which we understand from the Government still has not taken place, more than a year after the Government stated in open court that it was terminating Santos Pena's status as a cooperating witness. For three reasons, the Court should grant this relief.



First, the Government is in violation of the First and Sixth Amendments and clear guidance from the Supreme Court and Second Circuit in keeping Santos Pena's docket and filings secret. "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents . . . American decisions generally do not condition enforcement of this right on a proprietary interest in the document or upon a need for it as evidence in a lawsuit. The interest necessary to support the issuance of a writ compelling access has been found, for example, in the citizen's desire to keep a watchful eye on the workings of public agencies." *Nixon v. Warner*, 435 U.S. 589, 597 (1978). "[D]ocket sheets enjoy a presumption of openness and . . . the public and the media possess a qualified First Amendment right to inspect them." *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 93 (2d Cir. 2004). Where the Government seeks to maintain a sealed docket, it bears the burden of establishing that continued sealing is warranted, and the burden "increases the more extensive the closure sought." *United States v. Doe*, 63 F.3d 121, 128 (2d Cir. 1995).

Even where considerable privacy interests are at play, courts have generally granted motions to unseal documents related to forthcoming sentencings under principles of public access to judicial records. *See, e.g. United States v. Dare*, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008) ("It is well-recognized that the public has a strong right to sentencing memoranda under the First Amendment and the common law right to judicial records . . . . public right to these records, which inform the Court's sentencing, are not outweighed by Defendant Dare's considerable privacy interest in his medical records"); *cf. United States v. Bradley*, No. 405CR059, 2007 WL 2874888 at *1-2 (S.D. Ga. Sep. 26, 2007) (denying motion to amend order unsealing documents and observing that courts must "presume against secret documents, secret dockets, secret proceedings, and all the real and imagined sins that can be buried within"); *Cedar Swamp Holdings, Inc. v. Zaman*, 478 F. Supp. 2d 303, 304 (S.D.N.Y. 2007) (denying motion to delete from docket papers submitted in opposition to preliminary injunction motion and observing that "[j]udicial records presumptively are subject to public inspection").

Here, a critical witness at the Defendants' trial concededly perjured himself. The Government represented, in 2016, that it was terminating his status as a cooperating witness. The Defendants and the public at large have a right to understand what has transpired between 2016 and mid-2018 such that: (1) Santos Pena's entire case remains sealed and his docket remains invisible to the public; (2) Santos Pena still has not been sentenced; and (3) Santos Pena's



case has been transferred from Judge Kaplan to Your Honor. Relevant here is the Second Circuit's instruction that the "more extensive" the closure sought by the Government, the greater the burden on the Government to justify such closure. *See Doe*, 63 F.3d at 128. Here, we do not believe the Government can meet such a burden, and we assert that the continued sealing of Santos Pena's docket violates the public's (i) First Amendment right of access, (ii) common law right of access, and (iii) the Sixth Amendment guarantee of public trials. *See In Re Oliver*, 333 U.S. 257, 273 (1948) (finding secret proceeding violation of the Constitution "[i]n view of this nation's historic distrust of secret proceedings, their inherent dangers to freedom, and the universal requirement of our federal and state governments that criminal trials be public"); *United States v. Sherlock*, 982 F.2d 1349, 1356 (9th Cir. 1989) ("The Sixth Amendment guarantees that a defendant shall enjoy 'the right to a speedy and public trial.' The public trial guarantee was created for the benefit of defendants. It discourages perjury and ensures that judges, lawyers and witnesses carry out their respective functions responsibly.").

The sealing of Santos Pena's docket and filings is extending into a third calendar year. That cannot be justified. The Government is not permitted to keep an individual's entire docket sealed *ad infinitum* because of vague privacy or safety concerns. The docket of Santos Pena should be unsealed in its entirety. At a minimum, the Court should immediately order the Government to produce all filings related to Santos Pena's sentencing, including any filings related to the status of Santos Pena as a cooperating witness.

We appreciate the Court's consideration.

Very truly yours,

Randall W. Jackson
John T. Zach